# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLAUDIA CASSER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MAYOR AND COMMITTEE FOR THE TOWNSHIP OF KNOWLTON, et al.<br><br>　　　　Defendants. | Civil Action No.: 17-cv-01174 -PGS-LHG<br><br>MEMORANDUM AND ORDER |

SHERIDAN, U.S.D.J.

　　　　This matter comes before the Court on a motion to dismiss all claims against Defendant, Stuart Rabner, the Chief Justice of the New Jersey Supreme Court, pursuant to Fed. R. Civ. P. 12(b)(1), for lack of subject matter jurisdiction (*Rooker-Feldman* Doctrine), and Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted. The latter motion seeks dismissal because there is a lack of plausible facts to support Plaintiff's claim[1]. [ECF No. 40].

　　　　After oral argument on the motion, I entered an oral decision granting the motion to dismiss. Although this decision is substantially the same, I am vacating the oral decision as it was not delivered in a clear manner, and this memorandum better explains my rationale.

　　　　Although Plaintiff is a retired corporate attorney, it is noted that she is a *pro se* litigant. As such, the sufficiency of pro se pleading will be construed liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[1]　　In addition, at the motion hearing, Plaintiff orally moved for leave to amend her complaint to bring Count Seven and Count Eight against the Superior Court or the Supreme Court of New Jersey, rather than naming the Chief Justice as a defendant.

1

I.

In order to give context to this motion, Plaintiff had filed an action in state court on basically the same facts. *Casser v. Knowlton*, 118 A.3d 1071, 1074 (N.J. Super. Ct. App. Div. 2015), certif. denied, 129 A. 3d 329 (2016) (hereinafter "Prior State Case"). Plaintiff then filed this suit basically seeking the same remedy. In order to distinguish this matter from the Prior State Case and to avoid the appearance that this suit is tantamount to an appeal of the Prior State Case's dismissal, Plaintiff adds Defendant Chief Justice Rabner and tweeks her theory. In broad terms, Plaintiff argues Chief Justice Rabner is an "enforcer "of a judicial policy -- the *Rezem* precedent[2]. The Rezem precedent requires that in matters concerning decisions of municipal land use boards, the Plaintiff must appeal the decision by way of an action in lieu of prerogative writ prior to filing a civil rights action for inverse condemnation. Plaintiff also argues that Chief Justice Rabner lackadaisically enforces a person's right to a trial when there are disputed facts by allowing overuse of summary judgment.

II.

In 1985, Plaintiff, Claudia Casser, purchased over ninety-nine acres of farmland in Knowlton Township, Warren County, New Jersey. (ECF 1 Compl. Ex. A at, 1). She planned to use half of the land as her residence and horse farm and to subdivide the other half into lots for sale. (ECF 1 Compl. Ex. A at ¶2). At that time, Plaintiff hoped to create sixteen residential lots from the subdivided fifty acres. (ECF 1 Compl. Ex. A at ¶3).

---

[2] *Rezem Family Assocs. LP v. Borough of Millstone*, 30 A.3d 1061 (N.J. Super. Ct. App. Div.), certif. denied, 29 A.3d 739 (2011).

In 1996, the Township of Knowlton adopted a Farmland Preservation Ordinance, and a Cluster Ordinance. The Cluster Ordinance preserved open space and/or agricultural land. The Cluster Ordinance required that on parcels greater than 50 acres, half of the tract is set aside as open space without compensation and cluster development is permitted on the other half. From 1993-2003, the density of development was down zoned from one residence per three acres in 1988 to one residence on 10 acres in 2003. In 2007, Plaintiff filed an application with the Planning Board to subdivide her farm into three 10 acre lots, with a 70 acre remainder. The application noted that upon approval of the application, Plaintiff would seek to sell the 70 acre remainder to a preservation agency. The Planning Board approved some development with significant open space set aside. Plaintiff conformed to the conditions set forth in the approval under protest[3].

Plaintiff did not appeal the Planning Board's decision by way of an action in lieu of prerogative which must be filed within 45 days of the Planning Board's decision, N.J.R. 4: 69-6(a). An action in lieu of prerogative writ is an appeal of the Planning Board's denial which must be filed in the Superior Court of New Jersey, Law Division. *Id.*

On March 8, 2010 (about three years later[4]), Plaintiff filed the Prior State Case in the Superior Court of New Jersey, against various Township officials. In her complaint, Plaintiff alleged that the Planning Board's selective enforcement of the Cluster Ordinance and the Farmland Preservation Ordinance resulted in an unlawful taking of 50 acres of land without compensation. (ECF 1 Comp. Ex. A ¶¶ 37-47). Thereafter, a Judge dismissed the Plaintiff's action because it was

---

[3] The facts in the Appellate Division decision are different from those herein. According to the Appellate Division, Plaintiff was entitled to develop 10 new houses plus the existing house. *Casser v. Knowlton*, 118 A. 3d 1071, 1074 (N.J. Super. Ct. App. Div. 2015), certif. denied, 129 A. 3d 329 (2016).

[4] According to the Appellate Division, the delay was caused by market conditions. That is, Plaintiff realized that after three years had passed the Planning Board approval was important because the Plaintiff was "unable to sell the lots due to the real estate crash of 2008." *Casser*, 118 A. 3d at 1074.

3

untimely under the precedent set forth in *Rezem Family Assocs. LP v. Borough of Millstone*, 30 A.3d 1061 (N.J. Super. Ct. App. Div.), certif. denied, 29 A.3d 739 (2011).

In *Rezem*, the Court held that before reviewing a §1983 action arising from a decision of a land use application "the developers [must have] exhausted available administrative and judicial remedies or sought a final decision . . . before Plaintiff filed this civil rights lawsuit." *Casser*, 118 A.3d at 1078 (quoting *Rezem*, 30 A.3d at 1061). That is, an action in lieu of prerogative writ challenging the Planning Board's decision must be filed within 45 days (N.J.R. 4:69-6(a)) prior to filing a civil rights action. Without having filed such an action, the *Casser* Court held the plaintiff failed to exhaust her remedies, and therefore, the matter was not ripe for adjudication. The Court explained that the rationale for the *Rezem* precedent is the public "importance of stability and finality to public actions" and to allow a civil rights law suit without having exhausted remedies "would defeat the important policy of repose expressed in the forty-five day time limit." *Casser*, 188 A. 3d at 1079-80. The New Jersey Supreme Court denied certification. There was no appeal to the Supreme Court of the United States.

III.

Plaintiff brings this suit against Chief Justice Rabner as "administrative head of the Court system . . . [who] oversees management of the State Court." In paragraph 17 of the Complaint, she generally alleges that Chief Justice Rabner has responsibility "for oversight of the Court rules[,] . . . application of judicial doctrines that individual judges are required to follow, and granting of petitions for certification." Within that paragraph there are no facts identifying any particular acts of Chief Justice Rabner with regard to Plaintiff's case. In fact, in Count Seven and Count Eight, Chief Justice Rabner is not mentioned by name. Rather, Count Seven generally indicates that the Supreme Court "declined to review the *Rezem* Doctrine." Plaintiff also argues

4

that the *Rezem* Doctrine "depriv[ed] other plaintiffs of their non-prerogative writs causes of action under both State and [F]ederal law without due process, in violation of the Fourteenth Amendment and 42 U.S.C. §1983." [ECF1 Ex. A, ¶133; Complaint ¶ 132]. Simultaneously, in Count Eight, Plaintiff avers the Appellate Division and the New Jersey Supreme Court, "give lip service to the Rules requiring that the Trial Court [to] submit disputes regarding material facts to the jury, but have a practice of not adequately enforcing them." (ECF 1 Ex. A Compl. ¶148). To clarify the argument in Count Seven, Plaintiff alleges the Supreme Court was an "enforcer," rather than a "judicial decision maker," when it denied certification in the Prior State Case. As such the *Rezem* exhaustion requirement is an unconstitutional bar to bringing a civil rights law suit.

Within the Complaint, Plaintiff does not relate her cause of action to any particular action of Chief Justice Rabner except to generally allege that the "Supreme Court declined to review the *Rezem* precedent in 2011, and again when it was applied to this case" and that Chief Justice Rabner failed "to adequately supervise and enforce" a litigant's right to a jury trial of disputed material facts. (Complaint ¶ 148). Plaintiff argues that Chief Justice Rabner was cognizant of the *Rezem* precedent and was aware of the alleged overuse of summary judgment even when disputed facts existed, but there are no specific facts alleged except the denial of certification. (ECF 44 Pl. Opp. pg. 18). These allegations are insufficient to support that the Justice was an enforcer or played a substantial role in the Prior State Case.

IV.

The above rationale is intertwined with the issue of whether Chief Justice Rabner is a proper defendant. Ordinarily, Judges are immune from suit for actions taken in the course of their function, however there are exceptions. There are three key Third Circuit cases instructive in determining whether judges are proper parties to a Section 1983 suit: *Brandon E. ex rel. Listenbee*

5

*v. Reynolds*, 201 F.3d 194 (3d Cir. 2000); *Georgevich v. Strauss*, 772 F.2d 1078 (3d Cir. 1985) (en banc); and *Allen v. Debello*, 861 F.3d 433, 440 (3d Cir. 2017) (holding that the judges named as defendants in a child custody action were not proper parties because they did not initiate the action for declaratory relief, nor did they promulgate the statute or standards that plaintiff objected to). These cases apply a test borrowed from the First Circuit's seminal case on this subject, *In re Justices* of Supreme Court, 695 F.2d 17 (1st Cir., 1982). Under the *In re Justices* test, a judge who acts as a neutral and impartial arbiter of a statute is not a proper defendant to a Section 1983 suit challenging the constitutionality of the statute. However, a judge who acts as an enforcer or administrator of a statute can be sued under Section 1983 for declaratory or (if declaratory relief is unavailable) injunctive relief. Similarly a judge who issued a gag order may not have immunity because he was enforcing a particular statute, and he can properly be named as a defendant in a lawsuit challenging the statute."). *Nichols v. Sivilli*, 2014 WL 7332020, at *3 (D.N.J. Dec. 19, 2014)

As the Supreme Court explained in *Forrester v. White*, 484 U.S. 219, 227 (1987) for the purposes of judicial immunity there is an "intelligible distinction between judicial acts and the administrative, legislative, or executive functions that judges may on occasion be assigned by law to perform." Here, there are a lack of facts alleged to determine the "intelligible distinction between judicial acts and the administrative [acts]." The denial of certification of Plaintiff's Prior State Case by the Chief Justice is not sufficient to establish any administrative role. In fact, in the body of Counts Seven and Eight, do not mention Chief Justice Rabner.

Plaintiff's allegations lack credibility because they imply that Chief Justice Rabner reviews and is the enforcer of every decision made within the Superior Court of New Jersey. If Plaintiff were to be allowed the relief requested it would effectively mean that Chief Justice Rabner would

6

be held responsible for every decision and action taken within the Superior Court of New Jersey. The rationale is far-fetched.

Although the analysis could end there, the Court also reviews the *Rooker-Feldman* Doctrine for the sake of completeness.

V.

Defendant moves to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, asserting that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine "precludes a United States district court from exercising subject-matter jurisdiction" in an action brought by a state-court loser who complains of injuries caused by the state-court judgment and who invites a district court to review and reject that judgment. *Great W. Mining & Mineral Co. v. Fox Rothschild* LLP, 615 F.3d 159, 166 (3d Cir. 2010). It is this Court's critical task to "identify those federal suits that profess to complain of injury by a third party, but actually complain of injury 'produced by a state court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Id.* (quoting *Hoblock v. Albany Cnty. Bd. of Elections,* 422 F.3d 77, 88 (2d Cir. 2005)).

In order to apply *Rooker-Feldman*, four elements must be shown. They are: (1) the federal plaintiff lost in state court; (2) the plaintiff "complain[s] of injuries caused by [the] state-court judgments"; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments. The second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim. *Great Western Mining & Mineral Co.*, 615 F.3d at 166 (internal citations omitted).

Plaintiff meets the first requirement because she lost in State Court. There is also no dispute as to the timing of the judgment, as per the third factor. However, factors two and four require more analysis.

Regarding the second factor of the test, case law instructs us to look carefully at the cause of the injury. *See Great Western Mining & Mineral Co.*, 615 F.3d at 167. The Allen case addresses this point. In *Allen*, the Plaintiffs challenged the New Jersey State Court Judges discretion to enter summary judgment under the best interest of the child standard without plenary hearing in custody cases where there are disputed facts. Evidently, under the case law, a plenary hearing is not required in every contested custody matter; and a plenary hearing occurs only when there are disputed facts and the trial judge determines that a hearing would be helpful. In *Allen,* the court found that *Rooker-Feldman* did not bar suit against the Superior Court because the suit challenged the practice of entering such a judgment without a hearing where disputed facts existed. *Id.* at 437-38.

This case is distinguishable from *Allen*. Here, Plaintiff argues that her injury was caused by Chief Justice Rabner because he became an enforcer of an action by denying certification and allowing the Rezem precedent standard to stand. To this Court, this looks like an appeal rather than some broad practice as discussed in Allen. In short, Plaintiff's argument appears to be an attempt to side run around the application of *Rooker-Feldman*. For example, by undertaking a review of the application of the *Rezem* precedent to this case would constitute a review of the Prior State Case. The following excerpts from the Appellate decision serve to shed light on the nature of the claim brought by Plaintiff. Within Count Seven, the Complaint alleges that the Court systematically imposed the *Rezem* precedent without even considering the unique facts of her case.

However, the Appellate Court opinion does consider the specific facts of the case. For example the court noted:

> Further, we agree with the trial court that the interests of justice do not warrant relaxing the forty-five day time limit under Rule 4:69-6(c). The record reflects that plaintiff was not deprived of the right to develop or sell her land. To the contrary, she owned about 100 acres of land subject to ten-acre zoning; the Board's decision safeguarded her right to subdivide the land and build ten houses. She has already sold the twenty-five acre subdivided lot. The fact that the variance terms may have prevented her from also selling development rights to the State does not give rise to a takings cause of action. *See Pheasant Bridge Corp. v. Twp. of Warren*, 169 N.J. 282, 298, 777 A.2d 334 (2001) (noting, in a zoning context, that "neither diminution of land value itself nor impairment of the marketability of land alone constitutes a taking"), cert. denied, 535 U.S. 1077, 122 S. Ct. 1959, 152 L. Ed. 2d 1020 (2002). Finally, defendants' expert report thoroughly debunked plaintiff's theory that many other landowners were treated more favorably than she was. *Casser*, 118 A.3d at 1081.

In her Complaint Plaintiff alleges that the Superior Court "slammed" the door on Plaintiff's claims by imposing the *Rezem* precedent retroactively to her case, by "shortening the statute of limitations for seeking inverse condemnation from six years to 45 days." In one sense, Plaintiff has a point: she filed the 2010 action, the *Rezem* precedent was announced in 2011, and her claims were denied in 2013 under the *Rezem* Doctrine. However, this argument was addressed in the *Casser* decision. The Appellate Division declared that "contrary to Plaintiff's argument, *Rezem* did not establish a new principle of law and there is no reason to apply the case prospectively only . . . " Moreover, the Appellate Division reasoned:

> The problem plaintiff faces here is of her own making. She is an attorney and a former zoning board member. If she wanted to challenge the terms of the variance granted her by the Planning Board she had forty-five days in which to file an action in lieu of prerogative writ. She makes no claim here that she was unaware of the deadline set by Rule 4:69-6(a). Instead she waited three years to file this lawsuit, and her complaint would have been untimely even if one or more of the counts were deemed as a prerogative writ challenge. Her

9

proposed amended complaint was even more untimely. *Casser*, 118 A.3d at 1079.

Lastly, Plaintiff alleges that imposing exhaustion requirement as a prerequisite for filing a civil rights suit violated her 14th Amendment right to due process. The Appellate Division also recognized this issue, it reasoned:

> Plaintiff may not circumvent the exhaustion requirement by waiting until it is years too late to file a prerogative writ action, and then claiming that she need not exhaust remedies because that action is time-barred. Allowing her to proceed in that fashion would make a mockery of the exhaustion doctrine, and would defeat "the important policy of repose expressed in the forty-five day" time limit set by Rule 4:69-6(a). *Rocky Hill Citizens for Responsible Growth v. Planning Bd. of Rocky Hill*, 406 N.J. Super. 384, 398, 967 A.2d 929 (App.Div.2009) (citation and internal quotation marks omitted). Indeed, "[b]ecause of the importance of stability and finality to public actions, courts do not routinely grant an enlargement of time to file an action in lieu of prerogative writs," and "[t]he longer a party waits to mount its challenge, the less it may be entitled to an enlargement." *Tri-State Ship Repair & Dry Dock Co. v. City of Perth Amboy*, 349 N.J. Super. 418, 423-24, 793 A.2d 834 (App.Div.) (citations omitted), certif. denied, 174 N.J. 189, 803 A.2d 1161 (2002). Id. at 1080-81. *Casser*, 118 A.3d at 1080.

The point is that all of Plaintiff's arguments in this case were decided in the Prior State Case. The motion to dismiss Chief Justice Rabner as a defendant is therefore granted. The motion to amend the Complaint to include the Superior Court of New Jersey or the New Jersey Supreme Court as a defendant is denied because the allegations set forth by Plaintiff are so vague that it would be an exercise in futility.

**ORDER**

For the foregoing reasons,

IT IS, on this 23rd day of October, 2017

ORDERED that Defendants' Motion to Dismiss (ECF No. 40) is hereby granted; and it is further

ORDERED that all claims against Chief Justice Stuart Rabner are hereby dismissed with prejudice; and it is further

ORDERED that Plaintiffs request to amend her complaint to name the Supreme Court of New Jersey or the Superior Court of New Jersey is denied.

<u>*s/Peter G. Sheridan*</u>  
PETER G. SHERIDAN, U.S.D.J.