NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLAUDIA CASSER,<br><br>                Plaintiff,<br><br>v.<br><br>TOWNSHIP OF KNOWLTON, et al.,<br><br>                Defendants. | Civil Action No. 3:17-cv-01174(PGS)<br><br>MEMORANDUM<br>AND ORDER |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on a motion to dismiss for failure to state a claim upon which relief may be granted, brought by Defendants Mayor and Committee for the Township of Knowlton, Knowlton Township Planning Board, and Robert Greenbaum, Esq. who represents the Township Officials as litigation attorney. (ECF No. 61).

In prior motions, the Court dismissed the other defendants, including Chief Justice Rabner (ECF No. 51), Mark Hontz[1] (Knowlton Township Planning Board Attorney), Ted Rodman (Planning Board engineer), Joseph Layton and Maser Consulting (Knowlton Planners), and Robert Greenbaum, Esq. (ECF No. 52). Putting aside Chief Justice Rabner's dismissal, these previous Defendants were dismissed based upon the *Rooker-Feldman* doctrine, the entire controversy doctrine, and res judicata based upon a prior state lawsuit. (*Id.*) Since this motion is brought on a

---

[1] Hontz also filed a motion for sanctions (ECF No. 18) which was denied.

1

motion to dismiss, the initial issue is whether the same rationale to dismiss the case applies to these Defendants as it applied to the previous Defendants.

I

By way of background, Plaintiff Claudia Casser[2] brought two actions in the Superior Court of New Jersey, the first in 2010 and the second in 2013 primarily seeking two remedies – (1) to reverse or vacate the zoning resolution of Knowlton Township which authorized Casser to cluster ten single family homes on her 100 acre farm and to set aside about 50 acres for agricultural preservation; and (2) to award compensatory damages for taking her land without just compensation (inverse condemnation). *Casser v. Twp. Of Knowlton*, 118 A. 3d 1071, 1074 (N.J. Super. App. Div. 2015), cert. denied 129 A. 3d 329 (2016) (hereinafter "Prior State Lawsuit").

The 2010 lawsuit challenged the land use approvals and sought damages, and the 2013 suit challenged approvals that two other landowners obtained from Knowlton Township and the validity of the zoning ordinance. The suits were consolidated on appeal and is referred to as the Prior State Lawsuit. *Casser*, 118 A.3d at 1072.

The Prior State Lawsuit held that Casser failed to timely prosecute the zoning resolution adopted by the Planning Board, and therefore her claim for inverse condemnation was not ripe for determination. As a result, the suit was dismissed. More specifically, in that case, the Court reasoned that Casser did not file an action in lieu of prerogative writs within 45 days of the adoption

---

[2] Previously, plaintiff was proceeding *pro se*, and her complaint was construed liberally. *Erickson v. Pardus*, 551 U.S. 891 (2007). That determination was in error for the following reasons. First, Ms. Casser is a retired attorney. She worked as a corporate attorney, and has now retired from the practice of law. Second, from my observation, her skills and knowledge of litigation are comparable to most practicing lawyers. Third, in one sense, Ms. Casser has an ongoing practice since she has filed and pursued litigation before this Court and the New Jersey Superior Court in three or four separate cases arising out of the same underlying facts. Finally, Ms. Casser has specialized knowledge of planning and zoning board practices as she was a "former zoning board member." See, *Casser v. Knowlton*, 118 A. 3d 1071, 1079 (N.J. App. Div. 2015). Obviously, Ms. Casser has sufficient experience and knowledge to be treated as the other lawyers in this case.

of the resolution, thus she failed to exhaust her administrative and/or judicial remedies, and consequently, Casser was barred from filing a claim for inverse condemnation for damages because the claim was not ripe. *Casser*, 118 A. 3d at 1079; N.J. Court R. 4:69-1. In sum, Judge Reisner of the Appellate Division held that Casser's complaint "improperly converts a zoning case into a civil rights litigation." *Id.* at 1079 (quoting *Rezem Family Associates, L.P. v. Borough of Millstone*, 30 A. 3d 1061, cert. denied 29 A. 3d 740 (2011)). The Appellate Division also placed Casser's tardiness problem right on her doorstep, noting:

> The problem plaintiff faces here is of her own making. She is an attorney and a former zoning board member. If she wanted to challenge the terms of the variance granted her by the Planning Board, she had forty-five days in which to file an action in lieu of prerogative writs.
>
> She makes no claim here that she was unaware of the deadline set by Rule 4:69-6(a). Instead she waited three years to file this lawsuit, and her complaint would have been untimely even if one or more of the counts were deemed as a prerogative writ challenge. Her proposed amended complaint was even more untimely.
>
> Plaintiff may not circumvent the exhaustion requirement by waiting until it is years too late to file a prerogative writ action, and then claiming that she need not exhaust remedies because that action is time-barred. Allowing her to proceed in that fashion would make a mockery of the exhaustion doctrine, and would defeat 'the important policy of repose expressed in the forty five day" time limit set by Rule 4:69-6(a). *Rocky Hill Citizens for Responsible Growth v. Planning Board of Rocky Hill*, 406 N.J. Super. 384, 398, 967 A. 2d 929 (App. Div. 2009). (citation and internal quotation marks omitted). Indeed, "[b]ecause of the importance of stability and finality to public actions, courts do not routinely grant an enlargement of time to file an action in lieu of prerogative writs," and "[t]he longer a party waits to mount its challenge, the less it may be entitled to an enlargement." *Tri-State Ship Repair & Dty Dock Co. v City of Perth Amboy*, 349 N.J. Super. 418, 423-24, 793 A. 2d 834 (App. Div. ) (citations omitted), certif. denied, 174 N.J. 189, 803 A. 2d 1161.

*Id.* at 1079-1080.

In this Court's prior decision, Casser's claims were dismissed for a number of reasons, including based on the *Rooker-Feldman* doctrine. *See Great Western Mining v. Fox Rothschild*, 615 F. 3d 159, 166 (3d Cir. 2000). The Court found that *Rooker-Feldman* applied because Casser was the losing party in the Prior State Lawsuit, her complaint in federal court was commenced after dismissal of the Prior State Lawsuit, and she was asking this Court to reject the Prior State Lawsuit's decision. As such, Casser's complaint was the "functional equivalent of an appeal from a state court judgment." *Marran v. Marran*, 376 F. 3d 143, 149 (3d Cir. 2004).

Presently, Plaintiff's amended complaint takes a different road and argues that she has been denied access to the Court because her condemnation claim was dismissed based on the "judge-made" exhaustion requirement and concealment of documents by Township officials. *See Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety-Division of State Police*, 411 F.3d 427 (3d Cir. 2005). These issues are addressed below.

With regard to the timeframe in which actions in lieu of prerogative writs must be brought, Casser argues that it is a "judge-made" statute of limitations of 45 days:

> Ms. Casser: Right, correct. So the [Appellate Division] took at six-year statute of limitations for taking, and reduced it to 45 days by saying that you may not bring a taking claim, you may not bring a claim for compensation, unless you first go through an entire prerogative writ proceeding that must be brought within 45 days of the subdivision approval.
>
> . . . .
>
> But in any event all I'm saying is the judge made statute of limitations, it is not a legislative statute of limitations.

(T7:9-22). Casser contends her amended complaint alleges a denial of a right to access the Court in violation of her due process rights based upon the imposition of the 45-day exhaustion

requirement. Casser further asserts that since the denial of access has never been addressed, the *Rooker-Feldman* doctrine does not apply. Casser argued:

> But it is absolutely crucial under *Rooker-Feldman* that a plaintiff request the court to review and reject a state court judgment. I am not in any way asking you to review and reject those state court judgments. I need to state court judgments as elements required for my claims of taking, to make them ripe, and for my claims of denial of effective access to the courts through spoliation . . . (T:11- 9 to 16).

Casser's argument lacks merit. The decision in the Prior State Lawsuit found that her claim for damages was not ripe because she failed to file an action in lieu of prerogative writs suit within 45 days of the adoption of the resolution by the Planning Board. In order to understand that ruling, one must recognize the purpose of the action in lieu of prerogative writs process.

An action in lieu of prerogative writs is different than other civil actions. *See generally* N.J. Ct. R. 4:69-1 to -7. The cited Court Rule creates a mechanism to challenge municipal decisions through a fast track procedure. It is filed in the Superior Court of New Jersey, and the Law Division reviews the record and transcripts and determines whether the municipal body acted in an arbitrary, capricious or unreasonable manner. *See* Pressler & Verniero, Current N.J. Court Rules, cmt. 5.2 on R. 4:69-4 (2018). If the answer is yes, the decision may be "set aside." *Cell S. of N.J. v. Zoning Bd. of Adjustment*, 172 N.J. 75, 81, 796 A.2d 247, 251 (2002).

In contrast, the Prior State Lawsuit sought many types of relief, including, but not limited to: count one (exceeding the authority of the Municipal Land Use Law), count two (failure to proceed under N.J.S.A. 40:55D-44), count three (equitable estoppel or injunction), count four (request for declaratory judgment and reformation of Board resolution), count eight (improper taking without just compensation), count nine (inverse condemnation), count eleven (reformation of irregularly configured lot boundaries), and fraudulent concealment. *Casser*, 118 A. 3d at 1078,

n.8. An action in lieu of prerogative writs is different because (1) it solely reviews the municipal action; (2) it does not award damages; (3) it is based solely on the record before the municipal zoning board; (4) there is no right to a jury; and (5) the goal is to expeditiously review the reasonableness of the municipal action rather than awarding damages to the landowner. *See generally* N.J. Ct. R. 4:69-1 to -7. The appeal of that decision cannot be before this Court, but rather, may be appealed through the appeal process of the Prior State Lawsuit.

Casser additionally argues she should be relieved from complying with action in lieu of prerogative writs procedure because the municipality fraudulently concealed records which, if disclosed, would have demonstrated that the municipality treated other landowners more favorable than her, and she would have appealed sooner. At oral argument, Casser stated:

> But going back to what was concealed, it was in 2007, that was the critical time was concealment. And in 2007, I made . . . three OPRA requests, and I asked the planning board, I asked the Township attorney, I asked many people for documents relating to other land owners who had agreed, you know, to accept this taking of half their – you know agricultural easements. And they told me – that gave me all these excuses as to why they couldn't find them, blah blah, and eventually you know because I needed to get the subdivision done, I was completely out of money, at that point I agreed under protest not knowing – had I known – and this is clearly in the complaint, had I known that in fact the township planning board had regularly granted to other applicants the relief that I requested in my application, I would have never accepted it. (T14:1 to 16:8).

This purported rationale is tenuous because the merits of the fraudulent concealment arguments were decided in the Prior State Lawsuit. The Appellate Division explained that the fraudulent concealment claim was addressed by a trial judge who ruled on its merits:

> In a written statement of reasons, the third judge considered and rejected plaintiff's argument that she could assert an independent cause of action for the tort of fraudulent concealment of evidence. Relying on *Rosenblit v. Zimmerman*, 166 N.J. 391, 406-07, 766 A.2d 749 (2001), the judge reasoned that plaintiff had the documents before she filed the 2010 litigation. He found that

>
> she could not "show that she was damaged in the underlying litigation by having to rely on an evidential record that did not contain the evidence defendant concealed." He also found that plaintiff could not show that defendants acted with "intent to withhold evidence" when they gave her "access to municipal vaults that contained the entirety of Knowlton Township's records." The judge further concluded that plaintiff's proposed amended complaint would not cure the fundamental defects in her claim. The judge denied plaintiff's reconsideration motion on November 12, 2014, finding that her motion presented "no new evidence" and "no new arguments."

Judge Reisner noted that one trial judge granted summary judgment to the municipal defendants because an expert, Charles McGroarty, found that Casser was treated similarly to others, and on that motion Casser failed to file an expert report in opposition. Judge Reisner penned:

> The expert also reviewed and analyzed each of the land use applications in which plaintiff claimed other landowners were treated more favorably. McGroarty explained that, contrary to plaintiff's assertions, in all but two or three cases the applicants in fact set aside large amounts of their land for agricultural preservation. Plaintiff opposed the summary judgment motion, without filing an expert report. She also filed a motion to amend her complaint, seeking to add a claim in lieu of prerogative writs, and to re-plead the civil rights and RICO claims that the first judge had dismissed without prejudice.

*Casser*, 118 A.3d at 1076. Despite these findings in the Prior State Lawsuit, Casser seeks to re-litigate here the decision on the McGroarty report in the prior case. (Am. Compl., ECF No. 58, at ¶¶ 130-141, 171).

Outside of the Prior State Lawsuit, Casser has filed other state court actions to compel disclosure of records under the Open Public Meetings Act (OPMA). In those suits, Casser proved that many records ordinarily maintained by the Township Clerk were not memorialized or were lost. Most of the issues revolve around the negligence of the municipal clerk. *Compare Casser v. Knowlton*, No. 151-13 (N.J. Sup. Ct. Law Div. 2018) (ECF No. 61-14), *with* Am. Compl. at ¶¶ 44-

46, 68-91, 107). Thus, the fraudulent concealment cause of action was previously considered in at least two state court lawsuits. The appeal of those cases is not before this Court, and should be appealed through the underlying lawsuit.

Casser's theory is that this suit should have moved forward because she was denied access to the Court. Casser relies on *Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety-Div. of State Police*, 411 F.3d 427 (3d Cir. 2005). Gibson is clearly distinguishable. *Gibson* concerned the deferred accrual rule as set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Gibson*, the Court held the accrual of the action occurred at the time the conviction was declared invalid, as opposed to the date of arrest. *Gibson*, 411 F. 3d at 435-37. Here, the lateness of the cause of action was, as the Appellate Division explained, "of [Casser's] own making." The denial of access theory is subterfuge for requesting a second bite at the apple. The *Rooker-Feldman* doctrine applies. The suit is barred. The Court concludes it would be futile to review this complaint any further because Casser cannot cure her problem – *Rooker-Feldman* controls and other novel theories and causes of action will not prevail.

**ORDER**

IT IS on this 20th day of November, 2018;

**ORDERED** that the motion to dismiss the Complaint against the Defendants Mayor and Committee for the Township of Knowlton, Knowlton Township Planning Board and Robert Greenbaum, Esq. (ECF No. 61); and it is further

**ORDERED** that all other Defendants are dismissed because it would be futile for the reasons set forth above to consider the same arguments again.

The Clerk is directed to close the file.

_____
PETER G. SHERIDAN, U.S.D.J.